# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL RHODES, <br> Plaintiff <br> v. <br> PRINCIPAL FINANCIAL GROUP, INC. *trading and doing business as Principal Financial Group* and PRINCIPAL LIFE INS. CO. *a division of The Principal Financial Group, Inc.* as Administrator, <br> Defendant | No. 4:10cv290 <br><br> (Judge Munley) |

## MEMORANDUM and ORDER

**AND NOW**, to wit, this  23rd  day of November 2010, before the court for disposition are Plaintiff Michael Rhodes's ("Rhodes") motion for discovery (Doc. 20) and Defendant Principal Life Insurance Company's ("Principal") motion for a protective order (Doc. 21). Rhodes brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* The issue before the court is the scope of discovery available to Rhodes in this ERISA action.

A court reviews an administrator's determination of ERISA benefits under the *de novo* standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 115 (1989). "When the administrator has discretionary authority, we review only for abuse of that discretion." Howley v. Mellon Financial Corp., No. 08-1748, – F.3d –, 2010 WL 3397456, *3 (3d Cir. Aug. 31, 2010). "An administrator's decision constitutes an abuse of discretion only if it is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Id. (quoting Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993)). Here, Principal agrees that "the language of the [Short-Term Disability] Plan . . . grants Principal Life discretionary

authority to determine when a participant is disabled." (Def. Br. Supp. Mot. for Protective Order (Doc. 22 at 1)). Therefore, the abuse of discretion standard is appropriate.

Under this "abuse of discretion" or "arbitrary and capricious" standard, the court limits its review to the record as a whole, which "consists of that evidence that was before the administrator when he made the decision being reviewed." Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997); see Howley, 2010 WL 3397456, *4 n.6 (equating the two names for the deferential standard of review). One purpose of the Third Circuit's exhaustion requirement in this sort of ERISA action is to ensure a complete record and obviate the need for costly discovery. See, e.g., O'Sullivan v. Metropolitan Life Ins. Co., 114 F. Supp. 2d 303, 309 (D. N.J. 2000) ("The purpose in limiting the evidentiary scope of judicial review is to encourage the parties to resolve their disputes at the administrator's level.").

Rhodes, however, cites two recent district court opinions from this circuit which have allowed limited additional discovery beyond the administrative record. See Sivalingham v. Unum Provident Corp., Civ. No. 09-4702, 2010 WL 2650428 (E.D. Pa. July 1, 2010); Dandrige v. Raytheon Co., Civ. No. 08-4793, 2010 WL 376598 (D. N.J. Jan. 26, 2010). These courts, while precluding discovery into the merits of claim processing, have allowed discovery into two sorts of conflicts of interest: structural and procedural.

**1. Structural Conflict**

The United States Supreme Court, in Metro Life Ins. Co. v. Glenn, determined that "the fact that a plan administrator both evaluates claims for benefits and pays benefits claims creates the kind of conflict of interest" which "must be weighed as a factor in determining whether there is an

abuse of discretion." 554 U.S. 105, 111 - 12, 115 - 17 (2008) (internal citations and quotations omitted). Here, Principal agrees that it has such a "structural" conflict of interest insofar as it "is both the insurer of benefits at issue and the claims administrator of said benefits." (Def. Br. Supp. Mot. for Protective Order (Doc. 22 at 2)). See Sivalingham v. Unum Provident Corp., Civ. No. 09-4702, 2010 WL 2650428 (E.D. Pa. July 1, 2010); Dandrige v. Raytheon Co., Civ. No. 08-4793, 2010 WL 376598 (D. N.J. Jan. 26, 2010).

The court agrees with our sister districts that, insofar as we must evaluate the potential conflict of interest created by Principal as simultaneous claim evaluator and claim payor in determining whether Principal abused its discretion, additional discovery by Rhodes is warranted. See Dandridge, 2010 WL 376598 at *5 ("[T]his Court agrees with the First Circuit Court of Appeals in Denmark v. Liberty Life Ins. Co., 566 F.3d 1, 10 (1st Cir. 2009) that Glenn supports limited discovery directed to the issue of a structural conflict of interest. By rejecting special evidentiary and procedural rules when evaluating conflicts, Glenn suggests allowing for limited discovery. This is because Glenn contemplates a legitimate weighing of a structural conflict of interest in connection with arbitrary and capricious review of an administrator's decision. In order to give this review actual meaning, limited discovery is reasonable."); Sivalingham, 2010 WL 2650428 at *4 ("Discovery is the only way the record can be fully developed on the conflicts issue. Otherwise, we would be handicapped in analyzing all the factors we must consider in deciding whether an abuse of discretion has occurred.").

Accordingly, we will allow Rhodes to seek discovery beyond the administrative record "directed toward uncovering the extent to which a structural conflict record has morphed into an actual conflict that could have

influenced the administrator's discretionary decision." Dandridge, 2010 WL 376598 at *5. We will not, however, allow discovery beyond the administrative record beyond that limited target. See Post v. Hartford Ins. Co., 501 F.3d 154, 168 - 69 (3d Cir. 2007) *overruled on other grounds by* Glenn, 554 U.S. at 116) (In evaluating an administrator's conflict of interest, a court may consider relevant evidence extrinsic to the administrative record such as evidence of the plan's funding mechanism, but should not evaluate extrinsic medical documents which are not relevant to bias and are only relevant to the merits of the administrative decision.).

## 2. Procedural Conflict

Beyond structural conflict, limited discovery may also be available on procedural conflicts of interest. In this context, other district courts within the Third Circuit have required a plaintiff to make "a good-faith allegation of a procedural irregularity or bias in the review process that is sufficient to warrant additional discovery." See, e.g., Mainieri v. Board of Trustees of Operating Engineer's Local 825 Pension Fund, Civ. No. 07-1133, 2008 WL 4224924, *3 (D. N.J. Sept. 10, 2008); see also Dandridge, 2010 WL 376598, at *5 ("[T]he Third Circuit, without referencing Glenn, recently held in a 'not precedential' opinion that allegations of fraud or mistake are subject to discovery. See Gardner v. Unum Life Ins. Co., 2009 WL 4457515, at *5 n.4, *8 (3d Cir. Dec. 4, 2009).").

Rhodes complains that (1) Principal "engaged in self-serving selectivity in the use and interpretation of medical evidence" by (a) mis-characterizing Dr. Shoemaker's opinion that Rhodes could not control his diabetes or return to work and (b) ignoring Dr. Mitzner's opinion that Rhodes's work schedule would make it harder for Rhodes to control his diabetes; and (2) Principal did not disclose the June 18th report of Dr. Mitzner before Rhodes's June 30th appeal denial. Rhodes labels these two

4

allegations "selective use" and "concealment" and argues that they raise "questions concerning [Principal's] handling of [his] claim." (Def. Br. Supp. Mot. for Protective Order (Doc. 22 at 5)).

We conclude that Rhodes's allegations of bias or irregularity amount to a dispute over the reasonableness of Principal's denial of Rhodes's short-term disability claim. To the extent that these allegations seek to re-examine the merits of that determination, we will not allow further discovery beyond the administrative record.

**ACCORDINGLY**, it is HEREBY **ORDERED** that:

(1) Rhodes's motion for discovery (Doc. 20) is **GRANTED**, in part, and **DENIED**, in part, as follows: Principal is ordered to respond to Interrogatories 2 – 4 and 13 (Doc. 20-1) and Principal is ordered to produce Document Requests 7, and 10 – 11 (Doc. 20-2).[1]

(2) Principal's motion for a protective order (Doc. 21) is **GRANTED**, in part, and **DENIED**, in part, as described with respect to Rhodes's motion for discovery.

            **BY THE COURT:**

            s/ James M. Munley
            **JUDGE JAMES M. MUNLEY**
            **United States District Court**

---

[1] Interrogatory 2 references Interrogatory 1. Principal shall respond to Interrogatory 1 to the extent necessary to answer Interrogatory 2.